UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

ANDREW S. OUWENGA,

       Plaintiff,                           Case No.  1:08-CV-519

v.                                               Hon. Robert J. Jonker

DAVID W. MCKEAGUE,

       Defendant.
_____/

## OPINION AND ORDER

### BACKGROUND

This matter is before the Court on Defendant's motion to dismiss. (docket # 8.) The Court in its discretion finds that the motion is ripe for decision without oral argument. (docket # 12, setting August 15, 2008, deadline for briefing); *see* W.D. MICH. L. CIV. R. 7.2(d) ("In its discretion, the Court may . . . dispose of [a dispositive motion] without argument at the end of the briefing schedule.").

On September 28, 2004, Plaintiff was convicted of conspiring to defraud the United States, attempting to evade or defeat taxes imposed by Title 26 of the United States Code, and criminal contempt. He was sentenced to sixty months in prison followed by two years of supervised release.[1] Plaintiff initially appealed the judgment but subsequently voluntarily

---

[1]Plaintiff was convicted of seven counts: one count of conspiracy to defraud, four counts of attempting to evade or defeat tax, and two counts of criminal contempt. He was sentenced to sixty months on each of the noncontempt counts and twelve months on each

dismissed his appeal. The Honorable David W. McKeague was the U.S. District Judge who presided over Plaintiff's trial. Plaintiff's complaint against Judge McKeague arises directly out of his federal criminal conviction.

Plaintiff's complaint (docket # 1), originally filed in Ingham County Circuit Court and timely removed to this Court, is a quintessential example of the rambling, incomprehensible rants all too often filed by tax protestors in futile attempts to challenge the jurisdiction of the courts of the United States—and the authority of the institutions of the U.S. government more generally. Plaintiff's pro se motion to remand (docket # 13) continues in this same vein. The claim in that motion that the Court lacks subject matter jurisdiction is frivolous and based only on more incomprehensible expressions typical in tax-protester cases. Plaintiff's initial "response" to the motion to dismiss (docket # 11) is more of the same gibberish. The response consists only of a handwritten and incomprehensible legend appearing on each page of the Defendant's motion. It "conditionally accept[s] for value and return[s] for value in exchange for set-off, and closure of this accounting." It is, in other words, the nonsensical tax-protester mantra and is not a meaningful response to the merits of Defendant's motion to dismiss. Following this Court's order setting a deadline for further response (docket # 12), Plaintiff filed a document that at least attempts to articulate

---

of the contempt counts, with the sentences running concurrently. He was sentenced to two years of supervised release on each of the seven counts, with the sentences running concurrently.

an argument in plain English, however the argument has no legal merit. Accordingly, the Court will grant Defendant's motion to dismiss.

## ANALYSIS

Plaintiff's complaint amounts to ten pages of gibberish that fails to come even close to stating a claim for relief. Plaintiff captions his amended complaint as a "Pro-per Complaint/Petition for Order to Vacate The Void Judgment." That caption, which is the closest thing in the complaint to a statement of a cognizable claim, describes, at best, a motion under 28 U.S.C. § 2255 to vacate his criminal conviction. But Plaintiff's complaint is not a proper motion to vacate under § 2255 for at least three reasons. First, it is not in the proper form. *See* R. GOVERNING § 2255 CASES IN THE U.S. DIST. CTS. 2(c) ("The motion must substantially follow either the form appended to these rules or a form prescribed by a local district-court rule."). Second, it is not properly before this Court as a new civil action and would have to be presented as an intrinsic part of Plaintiff's existing criminal case. *See id.* R. 1 advisory committee's 1976 notes ("[A] motion under § 2255 is a further step in the movant's criminal case *and not a separate civil action*." (emphasis added)). Finally, Plaintiff could not properly present a § 2255 motion in his criminal case in any event because he failed to first bring a direct appeal in that action and he has not claimed or shown either cause and actual prejudice, or that he is actually innocent. *See Peveler v. United States*, 269 F.3d 693, 700–01 (6th Cir. 2001) (holding that a claim raised in a § 2255 petition must first be raised on direct appeal unless the petitioner can surmount the

3

"intentionally high" hurdle of demonstrating "either 'cause' and actual 'prejudice,' or that he is 'actually innocent.'" (quoting *Bousley v. United States*, 523 U.S. 614, 620–21 (1998))). Accordingly, to the extent that Plaintiff's filing is an attempted § 2255 motion, it must be dismissed and rejected.

Plaintiff's filing is also subject to dismissal when judged against the standards applicable to pro se civil rights claims. Plaintiff's complaint is virtually impossible to characterize because it defies any conventional frame of reference. Instead, it appeals to an alternate legal reality of a tax protester's own construction. The trouble is, no one lives in that alternative reality besides other tax protesters. At best, the complaint appears to challenge the validity of Plaintiff's criminal punishment. But such challenges are not cognizable civil rights claims. *See Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (holding that a claim that "necessarily impl[ies] the invalidity of the punishment imposed . . . is not cognizable under § 1983"); *Williams v. Hill*, 74 F.3d 1339 (D.C. Cir. 1996) (applying the same rule to actions brought against federal officials under *Bivens*); *Stamper v. Bouldin*, 46 F. App'x 840, 841 (6th Cir. 2002) (holding that a defendant could not "maintain his civil rights action, whether brought under § 1983 or *Bivens*, where the resolution of the claims could imply the invalidity of his conviction, until he first seeks and obtains relief from his conviction under 28 U.S.C. § 2255." (citing *Abella v. Rubino*, 63 F.3d 1063, 1065 (11th Cir. 1995); *Stephenson v. Reno*, 28 F.3d 26, 27 (5th Cir. 1994))). Indeed, any other rule would

effectively circumvent the normal procedural rules of direct appeal and motions under § 2255.

Even assuming Plaintiff's complaint somehow states a claim for relief, it would still have to be dismissed because it is brought against Judge McKeague individually for his conduct as a U.S. District Judge, and Judge McKeague is absolutely immune from suit for his conduct in that capacity. "Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction." *Cleavinger v. Saxner*, 474 U.S. 193, 199 (1985) (citing *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967)). "[T]his exemption of the judges from civil liability" could not "be affected by the motives with which their judicial acts are performed." *Id.* (citing *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 337 (1871)). In fact, a judge was not liable for judicial acts even if those acts were in excess of the judge's authority or were done maliciously or corruptly. *Bradley*, 80 U.S. (13 Wall.) at 351. "[S]uch immunity was essential to protect the integrity of the judicial process." *Cleavinger*, 474 U.S. at 199 (citing *Pierson*, 386 U.S. at 554). A plaintiff can overcome judicial immunity only if the claim is based on a nonjudicial act or an act that was done in the clear and complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

The alleged harm in this case occurred when Judge McKeague was presiding over Plaintiff's criminal trial. While doing so, Judge McKeague was unquestionably acting within his judicial capacity and within his jurisdiction. *See Hollowell v. Johnson*, 46 F. App'x 388 (8th Cir. 2002) (holding that a judge is clearly performing a judicial function

by presiding over trial); *United States v. Mundt*, 29 F.3d 233, 236 (6th Cir. 1994) (holding that the "hackneyed tax protester refrain" that federal courts do not have jurisdiction to hear tax-evasion cases was "silly" and "frivolous" and ignored federal law explicitly vesting "federal district courts with jurisdiction over 'all offenses against the laws of the United States.'" (quoting *United States v. Collins*, 920 F.2d 619, 629 (10th Cir. 1990)).  Defendant is, therefore, immune from this suit.[2]

Plaintiff's only attempt to articulate a response to the motion to dismiss (docket # 14) fails to present a sustainable legal position.  Despite Plaintiff's attempts to obfuscate, two things are clear as a matter of fact and law: the Court has jurisdiction now, and the Court had jurisdiction when it entered judgment and sentenced Plaintiff based on the jury's guilty verdict.

The Court indisputably has jurisdiction over this civil action.  A district court has jurisdiction to hear a removed action founded on a federal question.  28 U.S.C. § 1441(b) (2000).  Furthermore, a district court has jurisdiction over a removed action brought against an "officer of the courts of the United States, for any Act under color of office or in the performance of his duties."  *Id.* § 1442(a)(3); *Bottos v. Beamer*, 399 F. Supp. 999, 1000 n.1

---

[2]To the extent that Plaintiff is trying to sue Defendant in his official capacity for relief other than money damages, then this suit is also barred by the doctrine of sovereign immunity.  *See Center for Bio-Ethical Reform, Inc. v. City of Springboro*, 477 F.3d 807, 820 (6th Cir. 2007) ("As sovereign, the United States is immune from suit, unless it waives this immunity and consents to suit. . . . By extension, sovereign immunity also protects the officers and agents of the United States from suit in their official capacities.").

(N.D. Ind. 1973) ("In cases like this, federal officials possess an absolute and unquestionable right of removal under 28 U.S.C. § 1442. . . . Use of this right entitles such defendants to have the claims at issue, however proper or infirm they may be, heard before a federal district judge. No authority to the contrary has been cited by the parties or found by the Court."). Whether this action is characterized as an improperly brought § 2255 action or an unmeritorious § 1983 action, the only even remotely discernable issues are issues of federal—not state—law. Moreover, however it is characterized this action is at bottom an action brought against Judge McKeague for alleged acts undertaken in the performance of his duties while presiding over Plaintiff's federal criminal trial. This Court unquestionably has jurisdiction to hear this removed federal-question action brought against an officer of the courts of the United States for acts allegedly taken in the performance of his duties.

The Court also had jurisdiction over Plaintiff's federal criminal case, No. 1:03-CR-212-01. In that case, Plaintiff was convicted in the U.S. District Court for the Western District of Michigan of conspiring to defraud the United States, attempting to evade or defeat taxes imposed by Title 26 of the United States Code, and criminal contempt. "The district courts of the United States shall have original jurisdiction, exclusive of the courts of the States, of all offenses against the laws of the United States." 18 U.S.C. § 3231 (2000). The U.S. District Court for the Western District of Michigan is a district court of the United States. An Act to Provide for the Appointment of Additional District and Circuit judges, 95 Pub. L. No. 486, 92 Stat. 1629 (1978); An Act to Divide the State of Michigan into two

Judicial Districts, 12 Stat. 660 (1863).  It is an offense against the laws of the United States to conspire to defraud the United States, to attempt to evade or defeat any tax imposed by Title 26 of the United States Code, and to commit criminal contempt.  18 U.S.C. § 371; 26 U.S.C. § 7201; 18 U.S.C. § 401.  Accordingly, the Court clearly had jurisdiction over the trial resulting in Plaintiff's conviction of those federal offenses.

Plaintiff's complaint and other filings are vacuous papers that, rather than stating a claim, merely convey Plaintiff's dedication to wasting others' time.  This entire action is yet another tax-protester attempt to peddle an Alice-in-Wonderland reality where statutes and the Constitution mean whatever tax protesters say they do.  No amount of tax-protester gibberish, and no number of frivolous lawsuits can change the fact that Plaintiff is a convicted federal criminal sentenced by a court of competent jurisdiction.

**ACCORDINGLY, IT IS ORDERED** that Defendant's motion to dismiss (docket # 8) is GRANTED and Plaintiff's amended complaint (docket # 1-2) is DISMISSED.

**IT IS FURTHER ORDERED** that Plaintiff's motion to remand (docket # 13) is DENIED.

Dated:   August 22, 2008              /s/ Robert J. Jonker
                                                        ROBERT J. JONKER
                                                        UNITED STATES DISTRICT JUDGE